**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nona Bolanile Fayola Scott,<br><br>        Plaintiff,<br><br>v.<br><br>Yuma Elementary School District No. 1,<br><br>        Defendant. | No. CV-22-02166-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend.

**I.    Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**II.     Analysis**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, and A.R.S. § 13-2907.01, an Arizona statute that criminalizes making false statements to a law enforcement agency. (Doc. 1 at 3.) Plaintiff indicates that the discriminatory conduct of which she complains includes retaliation and "harassment, prohibited work practices," and that Defendant discriminated against her due to her race ("African-American"), color ("Light-Skinned"), and gender/sex ("Female"). (*Id.* at 4.)

The allegations in the Complaint can be summarized as follows. Plaintiff, who is prone to stress-induced hallucinations, was employed by Defendant as a school bus driver. (Doc. 1 at 8, 18.) On September 23, 2021, while Plaintiff was driving a bus full of elementary school students, she "had to brake hard" due to a hallucination. (*Id.* at 16-18.) Some of the students "complained of pain," so Plaintiff "called dispatch." (*Id.*) Plaintiff was directed to report the names of the students in pain to "the office," to inform parents that there had been an incident, and to continue with her route. (*Id.*) A parent called the police, and four police officers arrived. (*Id.*) Plaintiff asserts she "was harassed" by one of the police officers. (*Id.*) Plaintiff was arrested and charged with "21 counts of Assault, 44 counts of Endangerment, and 1 count of Lying to an Officer." (*Id.*) Plaintiff agreed to "a plea deal." (*Id.* at 20.)

Plaintiff's lengthy complaint also alleges various loosely related or unrelated facts, including that (1) a supervisor, Sandra McElhaney, disagreed with her about whether a stop sign exists on a certain street corner (*id.* at 9), (2) a coworker "known by the names Mariam and Marianne" touched Plaintiff "down her back," and after Plaintiff submitted a sexual harassment claim, McElhaney had Plaintiff reenact the touching "on an office chair" and "smirk[ed]" during the reenactment (*id.* at 10), (3) McElhaney allowed a Caucasian bus driver "two weeks off for reasons unknown" to Plaintiff (*id.* at 11), (4) Plaintiff noticed two spray bottles in the storage compartment of her bus were damaged following a minor accident, concluded that the damage could not have been caused by the accident and was likely vandalism done in "retaliation" for the accident, and reported to McElhaney that she "felt unsafe" but "never heard back" (*id.* at 12), (5) on a day when "a bus driver group" was "assigned to paint," the "head groundskeeper" put Plaintiff in charge of the bus driver group, and a Caucasian coworker named Rhodesia questioned Plaintiff's authority and did not follow directions given to her by Plaintiff and others (*id.* at 13-15), and (6) McElhaney denied Plaintiff's request to change her work hours (*id.* at 15).

The complaint cannot be served in its current state. Far from being a "short and

plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint involves a scattered, rambling narrative in which the alleged facts do not create a cohesive narrative, and there is no easily discernable connection between the events described and the legal conclusions asserted.  There is no way to determine what causes of action are being raised, for what conduct.  Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Many of the facts alleged appear to have no legal significance.  Some of the allegations might support a cause of action, but these allegations are buried among allegations that do not appear relevant.  Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).  At any rate, there is no indication in the complaint that any of Defendant's actions were due to Plaintiff's race or color.

The Court will dismiss the complaint with leave to amend.  "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv").  Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party

must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 6 at 7.)

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **February 3, 2023**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **February 3, 2023**, the Clerk of Court shall terminate the action.

**IT IS FURTHER ORDERED granting** the motion to allow electronic filing by a

- 5 -

party appearing without an attorney (Doc. 4) in this case only. The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 5th day of January, 2023.

_____
Dominic W. Lanza
United States District Judge

Cc: Beth Stephenson