**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nona Bolanile Fayola Scott, | No. CV-22-02166-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Yuma Elementary School District No. 1, | |
| Defendant. | |

On December 22, 2022, Plaintiff filed the complaint (Doc. 1) and an application to proceed in forma pauperis ("IFP") (Doc. 2).

On January 5, 2023, the Court granted the IFP application and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 7.) The Court's order summarized the facts and explained that Rule 8 demanded more clarity:

> The allegations in the Complaint can be summarized as follows. Plaintiff, who is prone to stress-induced hallucinations, was employed by Defendant as a school bus driver. (Doc. 1 at 8, 18.) On September 23, 2021, while Plaintiff was driving a bus full of elementary school students, she "had to brake hard" due to a hallucination. (*Id.* at 16-18.) Some of the students "complained of pain," so Plaintiff "called dispatch." (*Id.*) Plaintiff was directed to report the names of the students in pain to "the office," to inform parents that there had been an incident, and to continue with her route. (*Id.*) A parent called the police, and four police officers arrived. (*Id.*) Plaintiff asserts she "was harassed" by one of the police officers. (*Id.*) Plaintiff was arrested and charged with "21 counts of Assault, 44 counts of Endangerment, and 1 count of Lying to an Officer." (*Id.*) Plaintiff agreed to "a plea deal." (*Id.* at 20.)
>
> Plaintiff's lengthy complaint also alleges various loosely related or unrelated facts, including that (1) a supervisor, Sandra McElhaney, disagreed with her about whether a stop sign exists on a certain street corner (*id.* at 9), (2) a coworker "known by the names Mariam and Marianne" touched Plaintiff

> "down her back," and after Plaintiff submitted a sexual harassment claim, McElhaney had Plaintiff reenact the touching "on an office chair" and "smirk[ed]" during the reenactment (*id.* at 10), (3) McElhaney allowed a Caucasian bus driver "two weeks off for reasons unknown" to Plaintiff (*id.* at 11), (4) Plaintiff noticed two spray bottles in the storage compartment of her bus were damaged following a minor accident, concluded that the damage could not have been caused by the accident and was likely vandalism done in "retaliation" for the accident, and reported to McElhaney that she "felt unsafe" but "never heard back" (*id.* at 12), (5) on a day when "a bus driver group" was "assigned to paint," the "head groundskeeper" put Plaintiff in charge of the bus driver group, and a Caucasian coworker named Rhodesia questioned Plaintiff's authority and did not follow directions given to her by Plaintiff and others (*id.* at 13-15), and (6) McElhaney denied Plaintiff's request to change her work hours (*id.* at 15).
>
> The complaint cannot be served in its current state. Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint involves a scattered, rambling narrative in which the alleged facts do not create a cohesive narrative, and there is no easily discernable connection between the events described and the legal conclusions asserted. There is no way to determine what causes of action are being raised, for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Many of the facts alleged appear to have no legal significance. Some of the allegations might support a cause of action, but these allegations are buried among allegations that do not appear relevant. Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). At any rate, there is no indication in the complaint that any of Defendant's actions were due to Plaintiff's race or color.

(*Id.* at 3-4.)

The Court dismissed the complaint with leave to amend and warned Plaintiff that "the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient." (*Id.* at 4-5.)

On February 3, 2023, Plaintiff filed the first amended complaint ("FAC"). (Doc. 9.)

On March 7, 2023, the Court screened the FAC. (Doc. 10.) The Court concluded that, liberally construed, the FAC was "sufficient to meet the low threshold for proceeding past the screening stage." (*Id.*)

On April 18, 2023, Defendant waived service. (Doc. 15.)

On May 16, 2023, Defendant filed a motion to dismiss for failure to state a claim.

(Doc. 16.) Defendant asserts that (1) Plaintiff's state law claims are barred for failure to file a notice of claim (*id.* at 3-4), (2) Plaintiff's Title VII claims are barred except to the extent that they are based on race and retaliation because those were the only claims raised in her EEOC Charge (*id.* at 4-5), (3) Plaintiff's Title VII claims are untimely to the extent the alleged discriminatory actions took place before September 10, 2021 (300 days before Plaintiff filed the EEOC Charge on July 7, 2022) (*id.* at 5), (4) Plaintiff's Title IX claims are subject to a two-year statute of limitations and have not been tolled, such that allegations 2-6 are untimely (*id.* at 5-6), and (5) the four remaining Title IX allegations are insufficient to state a claim upon which relief can be granted because she failed to meet all three prongs of the applicable three-prong test for pleading Title IX claims.

Plaintiff did not file a response opposing the motion to dismiss.

LRCiv 7.2(i) provides that if the opposing party "does not serve and file the required answering memorandum," to a pending motion, "such non-compliance may be deemed a consent to the . . . granting of the motion, and the Court may dispose of the motion summarily." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Furthermore, the Court "has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).

The Court weighs the same factors when dismissing for failure to follow the Court's rules or orders and/or when dismissing for failure to prosecute. "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53; *cf. Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990. Regarding the second factor, this case has required two screenings pursuant to 28 U.S.C. § 1915(e)(2) and therefore has already taken a considerable amount of the Court's time at the pleading stage. This case has been pending for nearly six months, and Plaintiff's most recent involvement was filing the FAC over four months ago. The Court finds that these two factors strongly support dismissal.

The delay is minimal at this time, but further delay risks prejudice to Defendant. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade."). The third factor supports dismissal.

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008). The Court notes, however, that as a result of having screened both the complaint and the FAC pursuant to 28 U.S.C. § 1915(e)(2), the Court is familiar with the case's merits and finds them to be so weak that the FAC was just barely "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

The fifth factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Connecticut Gen. Life*, 482 F.3d at 1096. Here, a local rule expressly permits the Court to "dispose of the motion

summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion. LRCiv 7.2(i). It is within the Court's discretion to dismiss the action summarily at this juncture. *Parker*, 2010 WL 1640963, *2; *see also United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court has considered whether less drastic sanctions could be appropriate in this case. Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition." *Wystrach*, 267 F. App'x at 608. The Court finds that dismissal with prejudice is warranted, as a formal reprimand would have little effect for this *pro se* litigant, imposition of costs or attorneys' fees would be inappropriate for a litigant proceeding *in forma pauperis*, Plaintiff has already been given guidance and the opportunity to amend once, and the Court's need to manage its docket will not permit adjudication of the motion without the benefit of a response brief. *See, e.g.*, *Farraj v. Cunningham*, 659 F. App'x 925, 927, 928 n.4 (9th Cir. 2016) (affirming dismissal based on failure to oppose motions to dismiss). Moreover, the nature of Defendant's arguments suggest that amendment would be futile (and these arguments have not been rebutted), such that dismissal with prejudice is warranted. Although dismissal without prejudice is an available lesser sanction, dismissing this action without prejudice would in essence reward Plaintiff for failing to respond. Finally, Rule 41(b) of the Federal Rules of Civil Procedure contemplates that a dismissal for failure to prosecute generally "operates as an adjudication on the merits" except in circumstances not relevant here.

The Court will *sua sponte* extend the response deadline. This order is a formal warning. The Court, in its discretion, concludes that dismissal with prejudice is the appropriate outcome in this case if Plaintiff fails to respond to the motion to dismiss by the extended response deadline. ***Failure to respond to the motion to dismiss by the extended response deadline will result in a dismissal with prejudice***.

Accordingly,

**IT IS ORDERED** that the deadline for Plaintiff to respond to the pending motion to dismiss is *sua sponte* extended to **June 30, 2023**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **dismiss this action with prejudice**, without further notice, if Plaintiff fails to file a response to the motion to dismiss by **June 30, 2023**.

Dated this 20th day of June, 2023.

Dominic W. Lanza
United States District Judge